GRIFFIN, J.
 

 Bobby G. Wells [“Wells”], pro se, appeals the Unemployment Appeals Commission’s final order affirming the decision of the unemployment compensation appeals referee [“appeals referee”] that Wells was disqualified from receiving unemployment compensation benefits after finding that the basis for Wells’ discharge from Admin-istaff Companies II LP was misconduct connected with work.
 

 This is a somewhat unusual case of discharge based on misconduct consisting of a conflict of interest. Wells was a leased employee to C & S Supply of Orlando, Inc. [“C & S”], where he had worked as a sales manager for approximately two years. C & S does commercial bathroom installations. By all accounts, he had been a successful employee.
 

 Wells explained in his testimony that C & S had previously entered into an arrangement with a company that was owned by a different C & S employee to perform work as a C & S subcontractor. He had initially objected to this arrangement because this subcontractor would have inside information about the costs and the amount of money C & S had in the project, but C & S did not seem to be disturbed by this. C & S continued doing business with this employee-owned company and that employee remained employed by C & S. Wells decided he also would do
 

 subcontracted installations for C & S for the projects that had to be done after-hours (like medical facilities), since the C & S workers did not like to do after-hours work. In a meeting with the C & S comptroller, he communicated his intent to become a vendor to C & S similar to the other employee’s company. The key issue in the case is what was said during that meeting. The comptroller, Ms. Akers, testified that she told Wells that Mr. Coursey, the owner of C & S, would not go along with his plan and that he would more than likely be terminated. Wells disputes this account, saying he was never told his job would be in jeopardy, although he acknowledges that Ms. Akers did say that Mr. Coursey “might not like it.”
 

 Shortly after his meeting with Ms. Ak-ers, Wells gave Ms. Akers a variety of paperwork in support of his plan to perform after-hours installations as a subcontractor of C & S, including a worker’s comp exemption, a business license and a certificate of insurance for his own company. Shortly thereafter he received a phone call from Mr. Coursey, firing him.
 

 The appeals referee resolved the conflict in testimony in favor of the employer, finding that Wells had been told by Ms. Akers that he would be fired if he started the same kind of business as his employer. We are bound by this factual finding. If Wells were placed on notice that it was not acceptable to C & S that he set up his own business to do the same work as his employer, contrary to his employer’s wishes and instructions, it was not error for unemployment benefits to be denied.
 

 AFFIRMED.
 

 MONACO, C.J., and ORFINGER, J., concur.